IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMILA HAMBRICK, Individually and as Administrator of the Estate of Derrick Khalid Hambrick, Deceased<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., INC. and MAURICE B. WATSON<br><br>Defendants. | Civil Action No.:_____ |

## COMPLAINT

**COMES NOW**, Jamila Hambrick, mother of the Deceased and acting as Administrator of the Estate of Derrick Khalid Hambrick, Plaintiffs in the above-styled action and files this Complaint for damages against Defendant Maurice B. Watson for the death of Mr. Derrick Khalid Hambrick, showing the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Ms. Jamila Hambrick is the natural birth mother of Derrick Khalid Hambrick and is also acting as the Administrator over his estate. Plaintiff Jamila Hambrick is a United States citizen and domiciled in the State of South Carolina

2. Defendant Wells Fargo, N.A., Inc., (hereinafter referred to as Wells Fargo), is a Delaware Corporation with a principal place of business located at 101

1

N. Phillips Ave., Sioux Falls, South Dakota, 57104. Wells Fargo maintains an office in DeKalb County and may be served with process by serving its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

3. Defendant Maurice B. Watson resides at 1007 Leah Ln., SE Atlanta, Georgia 30316.

4. Venue and jurisdiction are proper in this Court whereas Defendant Maurice B. Watson is a citizen and resident of DeKalb County, Georgia.

## II. GENERAL ALLEGATIONS

5. On or about August 4, 2019, Defendant Maurice B. Watson was intoxicated by drugs and/or alcohol while operating a motor vehicle on a public road in DeKalb County, Georgia.

6. Defendant Wells Fargo hired Defendant Maurice Watson as their Beverage Finance Relationship Vice President.

7. Defendant Maurice B. Watson was leaving a Well Fargo work function immediately before the fatal wreck occurred. (Exhibit "A")

8. Defendant Maurice Watson became intoxicated by drugs and/or alcohol while attending the Wells Fargo work function.

9. Derrick Khalid Hambrick, Deceased, was helping his girlfriend with her car immediately before Defendant Maurice B. Watson collided into him.

10. Derrick Khalid Hambrick was killed as a result of the Defendant Maurice B. Watson colliding into him while intoxicated by drugs and/or alcohol.

11. Derrick Khalid Hambrick was inflicted with pain and suffering in the last moments of consciousness.

12. Derrick Khalid Hambrick died without a wife or children.

13. Plaintiff Jamila Hambrick gave birth to Derrick Khalid Hambrick on November 6, 1991.

14. Derrick Khalid Hambrick was pronounced dead on August 4, 2019 as the direct result of the Defendant Wells Fargo Maurice B. Watson's drunk driving and deviation from the driving safety rules.

## III.  INJURIES AND DAMAGES

## COUNT ONE – NEGLIGENCE

15. The Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 14 as if fully alleged herein.

16. Defendant had a duty to drive sober and to pay attention to other people within his driving area.

17. Defendant breached his duty to drive as a reasonable driver when he was drunk and collided into Derrick Khalid Hambrick, deceased.

18. Derrick Khalid Hambrick had emotional and physical pain and suffering in his last moment of consciousness, accumulated funeral, and burial

3

expenses, and incurred medical expenses from Morehouse Healthcare "but for" the Defendant breaching the standard of care exercised by reasonable and prudent drivers.

19. On the date of his death, Mr. Derrick Khalid Hambrick. was twenty-seven (27) years old and had a life expectancy of seventy-four (74) years.

20. Jamila Hambrick is entitled to recover the full value of her son's life and all economic damages of the deceased.

21. The Estate of Derrick Khalid Hambrick is entitled to all non-economic damages of the deceased.

22. The Defendant's driving was the cause-in-fact of Derrick Khalid Hambrick's death.

23. The injuries inflicted upon Mr. Derrick Khalid Hambrick were foreseeable whereas the Defendant failed to drive safely and responsibly which ultimately led to the death of Mr. Derrick Khalid Hambrick.

**COUNT TWO – LIABILITY FOR ACTS OF INTOXICATED PERSONS**

24. The Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 23 as if fully alleged herein.

25. As a direct and proximate result of Defendant Wells Fargo serving alcohol to Defendant Maurice Watson, who was in a state of noticeable

intoxication, knowing that Defendant Maurice Watson would soon be driving a motor vehicle, Derrick Khalid Hambrick was fatally injured.

26. The Plaintiffs incurred funeral costs in the amount of $5,000.00 and medical expenses from Morehouse Healthcare in the amount of $4,671.70.

27. The Plaintiffs demand general damages for the predeath fright, shock, terror, and pain and suffering that Derrick Hambrick endured.

28. The Plaintiffs demand damages for the full value of Derrick Hambrick's life.

**ATTORNEYS FEES PURSUANT TO O.C.G.A. § 13-6-11**

29. The Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 28 as if fully alleged herein.

30. Plaintiffs are entitled to an award of attorney's fees pursuant to O.C.G.A. § 13-6-11.

**PUNITIVE DAMAGES**

31. The Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 30 as if fully alleged herein.

32. Defendants' acts of serving alcohol to a noticeably intoxicated person who was a soon to be driver and the act of driving while intoxicated and failing to obey the driving safety rules which proximately caused Mr. Derrick Khalid Hambrick's death, evidences willful misconduct, wantonness, or that entire want of

care which would raise the presumption of conscious indifference to consequences, thereby entitling the Plaintiffs to recover punitive damages to punish and deter the Defendant from similar conduct in the future pursuant to O.C.G.A. § 51-12-5.1.

**WHEREFORE**, Plaintiffs pray:

    A.    The defendant be served as provided by law;

    B.    Plaintiffs have a trial before an impartial jury of twelve members;

    C.    Judgment be entered in favor of the Plaintiffs against the defendants in an amount in excess of $75,000.00 for all damages alleged herein;

    D.    Judgment be entered in favor of Plaintiffs and against defendants, for the past, present, general, economic, non-economic and special damages sustained by Mr. Derrick Khalid Hambrick;

    E.    All costs be taxed against the defendant, including attorney's fees;

    F.    The Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury be awarded to deter Defendant for repeating said actions in the future; and

    G.    Plaintiffs have all other relief as this Court deems just and proper.

*[Signatures Continued on Following Page]*

This 30th day of August, 2022.

**BROWN BARNWELL, PC**

*/s/ C. Napoleon Barnwell*
_____
C. Napoleon Barnwell
Georgia Bar No. 728188
Attorney for Plaintiff

463 Johnny Mercer Blvd., B-7
Suite 106
T: (912) 303-4066
F: (470) 397-5103
napoleon@brownbarnwell.com